NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3131

MIROSLAW G. STANASZEK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


<u>Miroslaw G. Stanaszek</u>, of Chicago, Illinois, pro se.

<u>Roger A. Hipp</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were <u>Michael F. Hertz</u>, Deputy Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Kenneth M. Dintzer</u>, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3131

MIROSLAW G. STANASZEK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in
CH0752080125-B-1.

———————————————————

DECIDED: August 6, 2009

———————————————————

Before MICHEL, <u>Chief Judge</u>, LOURIE, <u>Circuit Judge</u>, and CLARK, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Miroslaw G. Stanaszek appeals from the final decision of the Merit Systems
Protection Board (the "Board") affirming the removal action of the U.S. Postal Service
(the "Postal Service" or the "agency"). <u>Stanaszek v. U.S. Postal Serv.</u>, CH-0752-08-
0125-B-1 (M.S.P.B. Feb. 20, 2009). Because Stanaszek has not demonstrated that the
Board's decision was contrary to law, unsupported by substantial evidence, or otherwise
reversible, we <u>affirm</u>.

---

[*]   Honorable Ron Clark, District Judge, United States District Court for the
Eastern District of Texas, sitting by designation.

BACKGROUND

On July 31, 2006, the Postal Service proposed to remove Stanaszek from his position as a letter carrier in Chicago, Illinois, for failure to maintain satisfactory attendance. Stanaszek filed a grievance, which was resolved by a last chance agreement, under which the proposed removal was reduced to a long-term suspension. The agreement also provided that Stanaszek's failure to comply with its terms, including a requirement to maintain satisfactory attendance, would result in removal. Satisfactory attendance was defined in the agreement as no more than two unscheduled absences in a six-month period and no absences without leave during the one-year term of the agreement.

On July 27, 2007, the agency proposed to remove Stanaszek for violation of the agreement, alleging eleven unscheduled absences between January 23 and June 6, 2007. Stanaszek filed another grievance, arguing that he was not scheduled to work on the dates in question, but the dispute resolution team resolved the grievance against Stanaszek and found the proposed removal had been issued for good cause. The Postal Service issued a removal decision, effective November 7, 2007.

On appeal, the administrative judge ("AJ") initially dismissed Stanaszek's appeal for lack of jurisdiction, holding that he had waived his appeal rights. On June 5, 2008, the full Board granted Stanaszek's petition for review, reversed the dismissal, finding that he had not fully waived his right to appeal his removal, and remanded for a decision on the merits.

On September 26, 2008, on remand, the AJ held that the agency had proven by a preponderance of the evidence that Stanaszek had violated the last chance

agreement by incurring eleven unscheduled absences and absences without leave during a six-month period. The AJ came to this conclusion after making credibility determinations in favor of the agency's witnesses, who testified about the general staffing and overtime procedures at Stanaszek's post office and about his individual absences in particular. The AJ also noted that Stanaszek admitted during the hearing to being absent without leave on February 16-17, 2007, which was sufficient to be a violation of the terms of the last chance agreement. The AJ further held that the penalty of removal was reasonable.

Stanaszek filed a petition for review of the AJ's initial decision. On February 20, 2009, the Board declined review and thus rendered the AJ's initial decision final. Stanaszek timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). "In determining whether the [B]oard's decision is supported by substantial evidence, the standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. U.S. Postal Serv., 819 F.2d 1113, 1115 (Fed. Cir. 1987). Thus, if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," it must be

2009-3131
-3-

affirmed. Brewer v. U.S. Postal Serv., 647 F.3d 1093, 1096 (Ct. Cl. 1981) (citation omitted).

Stanaszek argues that the Board failed to consider evidence he introduced regarding some of the disputed unscheduled absences. He contends that he was not absent on two of the dates in question, June 6, 2007, and March 30, 2007, and points to his pay stubs for support. He also contends that he took emergency leave on February 27, 2008, and not on January 24, 2007. Stanaszek challenges the overall credibility of the agency's witnesses and the reliability of the documents submitted at the hearing. He also asserts that the Board should have applied "the law of common sense and reasonableness" in deciding his appeal.

In response, the Postal Service argues that Stanaszek fails to dispute the Board's finding that he was absent without leave on February 16-17, 2007, which is a sufficient ground for removal under the last chance agreement. The agency also asserts that there is no basis for challenging the Board's credibility determinations, which are given great deference. Finally, the agency contends that the Board's decision was in accordance with the law and the terms of the last chance agreement.

We agree with the Postal Service that the Board's decision was not contrary to law, unsupported by substantial evidence, or otherwise reversible. As the agency points out, Stanaszek does not dispute in his opening brief that he was absent without leave for two days during the term of the last chance agreement. Although Stanaszek contends in his reply brief that his admission during the hearing of being absent without leave on February 16-17, 2007, was incorrect, Stanaszek does not cite any evidence in the record for support. In addition, the Board's credibility determinations are "virtually

unreviewable," <u>Hambsch v. Dep't of Treasury</u>, 796 F.2d 430, 436 (Fed. Cir. 1986), and we see no basis to overturn the Board's finding here that the agency's witnesses were more credible than Stanaszek. We conclude, therefore, that the Board's factual finding that Stanaszek was absent without leave for those two days is supported by substantial evidence, and it is undisputed that any absence without leave is unsatisfactory attendance under the terms of the last chance agreement. We also conclude that the Board's factual findings regarding Stanaszek's unscheduled absences, many of which Stanaszek does not individually contest, are supported by substantial evidence. Finally, Stanaszek's contention that the Board misapplied the law does not reference any actual legal error and thus provides no grounds for reversal.

For the foregoing reasons, the Board did not reversibly err in affirming the Postal Service's decision to remove Stanaszek. Accordingly, we <u>affirm</u>.

COSTS

<u>No costs</u>.